# Horn *v.* Lehigh Valley Railroad Co., Appellant.

*Workmen's compensation—Claim petition—Misleading claimant
—Extending time—Compensation agreement—Filing claim—Mailing claim—Time—Act of June 2, 1915, P. L. 736.*

1. Under the Workmen's Compensation Act of June 2, 1915, section 402, P. L. 736, 750, it is not material in what form the claim petition appears as long as it presents a demand or claim for an injury that, on the facts as stated, appears to be compensable.

2. If a form for a compensation agreement is filled out with the facts necessary for a claim petition, and duly filed, there is a substantial compliance with the act.

3. A delivery of a claim petition to the United States mail, on the last day to be filed or the day before, duly stamped, properly addressed, sent by registered mail, followed by a receipt by the compensation board within the time usually required to carry a letter to its destination, constitutes a delivery of the petition when it was deposited in the mails, although it was not in fact delivered to the board until the day after the last day on which it was required to be filed.

Argued March 6, 1922.   Appeal, No. 21, Jan. T., 1922, by defendant, from order of C. P. Northampton Co., Feb. T., 1920, No. 112, affirming order of Workmen's Compensation Board, in case of Margaret Horn v. Lehigh Valley Railroad Co.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Appeal from order of Workmen's Compensation Board setting aside order of referee dismissing claim petition. Before McKEEN, J.

The opinion of the Supreme Court states the facts.

Order affirmed.   Defendant appealed.

*Error assigned* was order, quoting it.

*Edward J. Fox,* with him *James W. Fox,* for appellant.—The rights of the appellant became fixed by claimant's failure to file a claim petition on the date required

by law: Wood v. Carpenter, 101 U. S. 135; Wise v. Cambridge Springs Boro., 262 Pa. 139; Schrenkeisen v. Kishbaugh, 162 Pa. 45; Harris v. Mercur, 202 Pa. 313.

*Frank P. McCluskey,* with him *Dudley A. Giberson,* for appellee, cited: Wise v. Cambridge Springs Boro., 262 Pa. 139.

OPINION BY MR. JUSTICE KEPHART, April 10, 1922:

Plaintiff's husband died September 10, 1918, as the result of an accident received November 24, 1917. The chairman of the Workmen's Compensation Board states in his opinion that claimant wrote to the board about presenting a claim against the defendant September 6, 1919. An answer was received by her, September 9, 1919, from an officer of the board, stating, "I am sending you blank form of claim petition, which must be mailed to Harrisburg on September 10, 1919." This was one year after the death of her husband. The letter contained an agreement for compensation, not a claim petition; and this agreement was sent to Harrisburg by registered mail September 9, 1919, registry receipt as of that date being in evidence. It was not received by the board until September 11th, one day after the year had expired. This agreement was referred to defendant for execution, but was returned with a denial of liability; thereafter the formal claim petition was filed, based on facts contained in the compensation agreement in the board's possession.

Article III, section 315, of the Workmen's Compensation Act of June 2, 1915, P. L. 736, 748, provides, "In cases of death all claims for compensation shall be forever barred, unless, within one year after the death, the parties shall have agreed upon the compensation under this article; or unless, within one year after the death, one of the parties shall have filed a petition as provided in article IV hereof." Article IV, section 402, P. L. 750: "All proceedings before the board or any referee, and all

appeals to the board, shall be instituted by petition addressed to the board. All petitions shall be in writing and in the form prescribed by the board."

An examination of the compensation agreement and the claim petition shows the facts necessary to each, with unimportant exceptions, are alike. It is not material in what form the claim petition appears, as long as it presents a demand or claim for an injury that, on the facts as stated, appears to be compensable. Filing the agreement, then, was a substantial compliance with section 402.

The letter from the board directed the petition to be mailed not later than September 10th. This was the last day it could be filed with the board, and, of course, the direction as to mailing was a misstatement. Where a person is unintentionally deceived as to his rights by one who has authority to act in the premises, courts will not, if it is possible to prevent it, permit such deception to work an injury to the innocent party. Here the widow was misled by the statement of the board's officer. She, no doubt, could have had the paper delivered in Harrisburg on the date named, had she known that was necessary. While the governing sections are mandatory, and she is presumed to know the law, we have held, where a party has been prevented from doing an act through fraud or circumstances that amount to fraud, the court might extend the time within which to do the act: Wise v. Cambridge Springs Borough, 262 Pa. 139, 144. But we need not rest the case on this conclusion.

The time limit in which claims might be filed was placed in the act not only to produce a uniform practice, but to enable employers to know the period of time they could be called upon to respond for just claims, so that they might not be constantly expecting stale claims of doubtful merit. The compensation act, then, contemplated the board would come in contact with legal claimants from every section of the Commonwealth, and that certain agencies of the government (mail service),

as the agent of all parties, would, in reason, be used to facilitate this end, to carry out the purposes and directions of the act. It was not intended to cut out meritorious claims by harsh rulings as to the manner of filing. Claimant's husband was an engineer who had worked for this company for thirty years or more; it is now argued his widow is not entitled to compensation because she did as the compensation board told her when she filed her claim too late, forgetting the fact that the compensation board's knowledge and notice of the claim is the important thing to establish, and bears strongly on the merit of her position. It is to be noted she sent her claim petition by registered letter on next to the last day, and, although it was not received by the board until the day following the last day, the date of sending, the manner by which it was sent and *the fact of its receipt within the ordinary time* required to carry a letter to its destination, though after the time limit,—these circumstances combined cause the receipt to be referred back to the date when the petition was deposited in the mail, and to be considered as delivered on that date, it being within the year. A delivery of a claim petition to the United States mails, on the last day to be filed or the day before, duly stamped, properly addressed, sent by registered mail, followed by a receipt by the compensation board within the time usually required to carry a letter to its destination,—these combined circumstances constitute a delivery of the petition when it was deposited in the mails. The actual receipt at the home office within the time mentioned is not absolutely necessary to complete the delivery; the law must be reasonably construed.

Attention is called to parallel reasoning in Giordano v. St. Paul Fire and Marine Ins. Co., 66 Pa. Superior Ct. 575, 578, where Judge HENDERSON correctly states the law as to notice of loss by insurance.

The order of the court below is affirmed with a procedendo; costs to be paid by appellant.