## Laffey, Appellant, *v.* Philadelphia & Reading Coal & Iron Company.

10

Argued December 17, 1936.

Before Keller, P. J.,
Cunningham, Baldrige, Stadtfeld, Parker and
James, JJ.

*Roger J. Dever,* for appellant.

*Penrose Hertzler,* with him *M. M. Burke,* for appellee.

Opinion by Cunningham, J., January 29, 1937:

In this workmen's compensation case the court below set aside an award of compensation for total disability, made by the referee and affirmed by the board, and entered judgment in favor of the defendant employer upon the sole ground that the claim petition had not been filed within one year after the alleged

accident. The merits of the case were not considered; the exceptions of the employer to the action of the board seem, however, to cover the entire case. If nothing more appeared from this record than the face of the petition upon which the hearings were had the judgment should be affirmed, because that petition fixes August 9, 1929, as the date of the accident, but was not filed until June 10, 1931.

Upon the merits, the ground for the award was that in the course of his employment the claimant suffered an accidental injury to his heart while assisting in lifting a heavy piece of timber and has been totally disabled ever since. In its answer, the employer denied liability and, in addition, pleaded the limitation of the statute.

The explanation on behalf of the claimant was that a claim petition had, in fact, been prepared, sworn to by him and mailed to the Workmen's Compensation Bureau at Harrisburg "within the year" following the accident, but had been lost in the mails, or at Harrisburg; and that upon the discovery of its loss the board had suggested the filing of a substituted petition which was prepared on May 20, and filed June 10, 1931, thereby becoming the petition upon which the hearings were had and the award made.

Upon this feature of the case the referee made the following findings of fact:

"(2) We find that within a year from August 9, 1929, Miss Genevieve R. Flaherty, a stenographer in your referee's office, took a claim petition to the Good Samaritan Hospital, Pottsville, Pa., wherein claimant was a patient, at which time and place she wrote upon the claim petition answers given by claimant to the twelve questions contained therein, after which she took his affidavit, placed the seal of the bureau upon it, then made typewritten copies, placed this claim petition and copies in an envelope properly addressed

to 'Workmen's Compensation Bureau, South Office Building, Harrisburg, Pa.,' placed the necessary postage upon the envelope and deposited it in the mails at the postoffice located in Pottsville, Pa. Subsequently inquiries were made to your referee's office by claimant and representatives of the United Mine Workers of America, on [his] behalf as to the proposed time of hearing. Reference to your referee's records disclosed this petition had not been received from the bureau at Harrisburg for hearing and determination. Similar inquiries were then made by these parties to the Bureau at Harrisburg with the same result. Upon the occasion of your Honorable Board's sitting at Pottsville, Pa., this matter was taken up with you by a representative of the United Mine Workers of America, and your advice was to file a duplicate petition. On May 22, 1931, a duplicate petition was filled out, sworn to and mailed to your bureau at Harrisburg. In due time it was received by your referee, an answer filed thereto by defendant company, and hearings held thereupon.

"(3) We specifically find that claimant's petition upon which action is here taken was filed within a year from the date of claimant's alleged accident."

The material portions of the finding first above quoted are sustained by the testimony of the witnesses therein referred to. We, therefore, here have a case in which a petition was prepared and properly mailed by a clerk of the referee within one year after the alleged injury. Miss Flaherty was not a mere volunteer; one of the rules of the board provides:

"Referees and their clerks shall administer oaths free of charge and shall, when requested to do so, assist any party in drawing a claim petition, answer or any other paper necessary for the administration of the Workmen's Compensation Act."

By Section 315 of Article III of the Act of June 2, 1915, P. L. 736, 77 PS §602, it is provided that, in

the absence of a compensation agreement, "claims for compensation shall be forever barred, unless, within one year after the accident ...... one of the parties shall have filed a petition as provided in article four hereof."

The applicable provision of Article IV, as amended by Section 6 of the Act of June 26, 1919, P. L. 642, 77 PS §714, reads: "All petitions, all copies of agreements for compensation, and all other papers requiring action by the board, shall be *mailed* or *delivered* to the bureau at its principal office." (Italics supplied)

The court below in its opinion sustaining one of the exceptions of the employer stated at length its views with relation to the meaning of the word "filed" as used in Section 315, and concluded as follows: "In any event, we hold that a mere mailing of a petition of claim at any time before the expiration of a year after the accident or death is not alone a sufficient 'filing' within the meaning of Section 315." Its conclusion, as we understand it, was that it was not sufficient to prove the petition was mailed within the year, but claimant was required to show it was mailed long enough before the expiration of the year "that in the due course of mail it would be received [at Harrisburg] within one year from the date of the accident." As the testimony of the referee's clerk went merely to the extent of showing that the petition was mailed "within the year," the court below held the claim was "forever barred."

We do not agree with the strict construction thus placed upon the word "filed"; it may possibly be within the strict letter, but certainly not within the spirit, of this portion of the statute. The obvious purpose of the limitation is to protect employers from stale claims of doubtful merit. There was evidence here of notice to the employer upon the day after the occurrence in the mine. There can be no suggestion in this

case that the employer has been placed at any disadvantage in defending against the claim. The legislature has indicated in the section above quoted from Article IV that the word "filed" was not used in Section 315 in the sense in which the word is employed in connection with the filing of a petition or a pleading in the office of a prothonotary. It expressly said that a claim under Section 315 might be either *mailed* or delivered to the bureau at Harrisburg. It is unthinkable that the legislature, after making that provision, ever intended that if a claim, duly mailed, should be lost the claimant would be without remedy.

We think this appeal should be disposed of upon the broad principles announced by our Supreme Court in *Horn v. Lehigh Valley R. R. Co.*, 274 Pa. 42, 117 A. 409. It was there said that the section relative to the filing of claims within one year after the accident "was not intended to cut out meritorious claims by harsh rulings as to the manner of filing." In the case cited the petitioner sent her claim petition by registered letter on the next to the last day it could be filed. It was not received by the board until the day following the last day for filing, but was received within the ordinary time required to carry the letter to its destination. In the course of the opinion this language was used: "A delivery of a claim petition to the United States mails, on the last day to be filed or the day before, duly stamped, properly addressed, sent by registered mail, followed by a receipt by the compensation board within the time usually required to carry a letter to its destination,—these combined circumstances constitute a delivery of the petition when it was deposited in the mails."

Of course, the difference here is that the petition was lost, but that circumstance does not affect the conclusion that it was delivered, so far as the claimant was concerned, when it was "deposited in the mails."

The date upon which it was so deposited is not fixed in the testimony of Miss Flaherty, but the most extreme inference which could be drawn from her statement that the petition was mailed "within the year" is that it was mailed at least upon the day preceding the expiration of the year. Under all the circumstances disclosed by the evidence in this case, we think it was error to reverse the action of the compensation authorities upon the technicality herein discussed.

Judgment reversed and record remitted to the end that the exceptions of the employer to the award may be disposed of upon their merits.