Rockwood Insurance Co. and Fred Kovalchuck, t/a Kovalchuck's Market, Appellants, *v.* Workmen's Compensation Appeal Board and Marilyn Lee Loulis, Appellees.

500

Argued September 10, 1974, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Robert W. Critchfield,* for appellants.

*Bernard S. Shire,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., October 23, 1974:

This is an appeal by an employer, Kovalchuck's Market, and its carrier, Rockwood Insurance Company, from a determination of the Workmen's Compensation Appeal Board affirming the decision of the referee who awarded Claimant, Marilyn Lee Loulis, compensation for total disability and from a finding that the claim petition was not barred by the applicable statute of limitations. The facts, as found by the referee and binding upon this Court as supported by substantial evidence, can be summarized as follows:

On October 21, 1967, Claimant, while in the regular course of her employment, suffered an accident in which she injured her right ankle, left elbow, left hand, both knees, abdomen, and lower spine. On May 15, 1968, a claim petition was prepared using information furnished by Claimant. She signed the petition and it was notarized by a duly commissioned Notary Public. It was properly addressed, posted and mailed to the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Workmen's Compensation, Harrisburg, Pennsylvania. When the attorney for the Claimant became aware that the claim had not been set down for hearing, he communicated by telephone and written correspondence with the Department to determine his client's status. Two letters of inquiry were sent before the period of limitations expired, one on January 18, 1969, and one on February 6, 1969, neither of which was answered by the Department. He called the Department, and in March of 1969, was instructed by the secretary to the Assistant Director of the Bureau of Workmen's Compensation, to prepare a new claim petition, and forward the same to the Bureau in the same form as the original, and was further instructed that it would have the same force and effect as the original claim petition filed May 15, 1968. The new claim petition was filed with the Bureau on March 20, 1969.

Charlotte Baciak (Notary Public who took Claimant's affidavit), testified that on May 15, 1968, she prepared, typed and notarized the claim petition which had been signed by the Claimant. She also testified that she properly addressed and posted the claim petition and deposited the same in the United States mails. Her oral testimony as to the preparation, typing and seal was substantiated by independent evidence consisting of business records. The Claimant's attorney also testified to the events which culminated in the claim peti-

tion being properly addressed, posted and deposited in the mails.

The sole question raised by this appeal[1] is whether this first claim petition was properly "filed" within the meaning of Section 315 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §602, which provides, *inter alia,* as follows: "In cases of personal injury all claims for compensation shall be forever barred, unless, . . . within sixteen months after the accident, one of the parties shall have *filed* a petition as provided in article four hereof."[2] (Emphasis added.) The relevant section of article four is Section 403, 77 P.S. §714, which provided: "[a]ll petitions . . . shall be *mailed or delivered* to the department at its principal office." (Emphasis added.)

We must decide whether the instant appeal falls within the bounds of *Laffey v. Philadelphia and Reading Coal and Iron,* 125 Pa. Superior Ct. 9, 189 A. 509 (1937). *Laffey* presented a situation where the claim petition was mailed within the period of limitation but somehow was subsequently lost. The court had little difficulty following the hornbook definition in holding that, "it was delivered, so far as the claimant was concerned, when it was 'deposited in the mails.' "

For a better understanding of that holding, a presentation of the rationale is in order. The Court cited

---

[1] Although a substantial evidentiary record was compiled before the referee and the referee found Claimant to be totally disabled, appellants have limited their appeal to the Workmen's Compensation Appeal Board and this Court to the question of whether a claim petition was timely filed. Accordingly, we do not reach any questions as to the substantive merits of the claim.

[2] At the time this case arose, the applicable period of limitation was sixteen months in Section 315. The section was amended by the Act of Feb. 8, 1972, P. L.     , No. 12; the Act of March 29, 1972, P. L.     , No. 61; and the Act of Oct. 17, 1972, P. L.     , No. 223, 77 P.S. §602, with the only relevant change being the period of limitation being extended to two years.

*Horn v. Lehigh Valley R. R. Co.*, 274 Pa. 42, 117 A. 409 (1922). In *Horn*, petitioner sent her claim petition by registered letter on the next to the last day it could be filed. It was not received by the Board until the day following the last day for filing, but it was received within the usual transit time for mail delivery. The *Horn* Court concluded, "these combined circumstances constitute a delivery of the petition when it was mailed." The *Laffey* Court used this language: "The legislature has indicated in the section above quoted from Article IV (Section 403) that the word 'filed' was not used in Section 315 in the sense in which the word is employed in connection with the filing of a petition or a pleading in the office of a prothonotary. It expressly said that a claim under Section 315 might be either *mailed* or delivered to the bureau at Harrisburg. It is unthinkable that the legislature, after making that provision, ever intended that if a claim, duly mailed, should be lost the claimant would be without a remedy. . . . Of course, the difference here (as opposed to *Horn*) is that the petition was lost, but that circumstance does not affect the conclusion that it was delivered, so far as the claimant was concerned, when it was 'deposited in the mails.' " (Emphasis in original.) *Laffey, supra,* 125 Pa. Superior Ct. at 14, 189 A. at 511.

It is clear to us from *Laffey* that filing is perfected when it is mailed within the period of limitation and receipt or eventual loss occurring thereafter is irrelevant. This conclusion is further supported by the Court's language in *Horn v. Lehigh Valley R. R. Co., supra,* that the period of limitation prescribed by Section 315 (sixteen months for purposes of this appeal) "was not intended to cut out meritorious claims by harsh rulings as to the manner of filing." 274 Pa. at 45, 117 A. at 410. In *Allen v. Patterson-Emerson-Comstock, Inc.,* 180 Pa. Superior Ct. 286, 291, 119 A. 2d

832, 835 (1956), the Court stated, "the Workmen's Compensation Act must be liberally construed and that technicalities are not looked upon with favor in compensation cases."

Here we have *Laffey* revisited. The referee has made a finding supported by competent evidence that a claim petition was duly mailed within the sixteen month period of limitation. Notwithstanding absence of receipt, or perhaps mishandling by the Department,[3] and the confusion in the resulting correspondence, we must find that Claimant is not barred by the statute of limitations. We therefore enter the following

### ORDER

AND NOW, this 23rd day of October, 1974, the award of the Workmen's Compensation Appeal Board is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Marilyn Lee Loulis against Rockwood Insurance Co., and/or Fred Kovalchuck, t/a Kovalchuck's Market, for compensation for total disability at the rate of $33.33 per week for the period commencing October 23, 1967, into the indefinite future, together with the following medical expenses heretofore incurred:

A. Divine Providence Hospital, 1004 Arch
Street, Pittsburgh, Pennsylvania        $816.00

---

[3] Finding of Fact number thirteen by the referee stated that, "Miss Helen Shatto, Assistant Director of the Bureau of Workmen's Compensation, testified that a claim petition was filed on March 20, 1969, and Marilyn Loulis was the named claimant. Miss Shatto further testified that she could not state under oath that another claim petition from the above-named claimant had not been filed within the period of limitations, she did state that the prior claim petition could have been mixed up in other files and that each of the then existing open disability files had not been checked to determine if the previous claim petition had been filed erroneously in one of them."

B. Ortho-Xray Lab., 7068 Jenkins Arcade,
    Pittsburgh, Pennsylvania              35.00

together with legal interest on deferred or unpaid installments, all within the terms and limitations of the Pennsylvania Workmen's Compensation Act.