Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Thomas V. Ferrick *v.* Thomas V. Ferrick, Inc., Appellant.

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Edward R. Paul,* with him, of counsel, *LaBrum and Doak,* for appellant.

*Daniel J. McAleer,* with him *Thomas F. McDevitt,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, March 5, 1976:

On September 12, 1969, while on a jobsite in Camden, New Jersey, Thomas V. Ferrick (claimant) was struck by several pieces of wood thrown from the window of a nearby structure. His wife, who was the secretary of Thomas V. Ferrick, Inc., claimant's employer, was verbally notified of the accident the same day. On December 11, 1969, claimant and his wife executed an employer's re-

port of industry injury which was sent to the Department of Labor and Industry. A copy of this report was mailed to Allstate Insurance Company, the workmen's compensation carrier. On June 26, 1970, Allstate informed claimant that his claim was denied. On May 20, 1970, the Bureau of Workmen's Compensation (Bureau) informed claimant that he had a right to file a claim petition. The following day claimant requested the proper forms which he promptly received.

The events that followed claimant's receipt of his claim petition are the subject of this dispute. Claimant contends that he mailed the properly addressed, stamped, and completed claim petition to the Bureau on May 25, 1970. On February 17, 1971, in response to claimant's inquiries concerning the progress of his case, claimant learned that the Bureau had no record of his petition. A second petition was mailed to claimant on March 1, 1971. Although claimant promptly filed this petition, the statutorily imposed 16-month period of limitations[1] had already expired on January 12, 1971. Claimant's employer therefore asserted that the claim was barred as untimely.

At a hearing limited solely to the question of whether claimant had filed his claim petition within the 16-month period, the referee found, on the basis of claimant's own testimony and certain circumstantial evidence, that claimant had mailed his properly addressed and stamped claim petition on May 25, 1970, well within the 16-month period. On appeal, the Workmen's Compensation Appeal

---

1. Section 315 of the Act of June 2, 1915, P. L. 736, *as amended*, as it existed at all times pertinent to this appeal, stated in part:

"In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided in Article Four hereof."

Board affirmed the referee. It is uncontested that this mailing, if it took place, would be sufficient to constitute a filing, whether or not the petition was received by the Bureau. *Rockwood Insurance Co. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 499, 326 A. 2d 665 (1974) ; *Laffey v. Philadelphia & Reading Coal & Iron Co.,* 125 Pa. Superior Ct. 9, 189 A. 509 (1937).

Our scope of review, where as here the Board took no additional evidence, is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *McGee v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 452, 336 A. 2d 458 (1975). Furthermore, since the claimant prevailed below, he is entitled to the benefit of the most favorable inferences to be drawn from the evidence. *General Tire and Rubber Company v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 473, 332 A. 2d 867 (1975).

The employer asserts that the referee's findings that claimant mailed his petition on May 25, 1970 is not based on substantial evidence. We do not agree. Substantial evidence is the relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Columbus Service International v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 441, 333 A. 2d 233 (1975). The employer argues that the only testimony which supports claimant's assertion consists of claimant's own self-serving statements. Even if this were true, the referee, who is the sole judge of credibility, could have based his finding on claimant's uncontradicted testimony.[2] However, in this case other evidence, albeit circumstan-

---

2. This is not dissimilar to situations in which courts and juries must decide cases where all testimony is self-serving. The question is one of credibility. Self-serving testimony, though it must be carefully weighed, is competent evidence.

tial, supports claimant's testimony. There appears in this record the affidavit of a notary public attesting to the fact that he affixed his jurat to claimant's claim petition on May 25, 1970. In addition, claimant stated in a letter to his employer's insurance carrier, dated May 27, 1970, that he had filed a claim for workmen's compensation with the State earlier.

We hold that the referee's finding that the claim petition was timely filed is supported by competent substantial evidence. The Board, therefore, properly affirmed the referee. *See Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

Accordingly, we enter our

ORDER

Now, this 5th day of March, 1976, the order of the Workmen's Compensation Appeal Board, relative to the above named case, is affirmed.