Duquesne Light Company, Petitioner *v.* Workmen's Compensation Appeal Board (Steven Laskosky), Respondents.

Argued May 6, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and DOYLE, sitting as a panel of three.

*John A. Lee,* for petitioner.

*John W. McIlvaine,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 8, 1982:

Duquesne Light Company appeals a Workmen's Compensation Appeal Board order granting partial disability benefits to Steve Laskosky. We affirm.

On August 31, 1978, Laskosky's attorney notified Duquesne Light that Laskosky had a work-related disability. On October 5, 1978, he was examined by a physician who determined that he was totally disabled due to coal worker's pneumoconiosis. A claim petition was filed on February 7, 1979, and a referee granted partial disability benefits to Laskosky beginning October 5, 1978. After initially remanding the matter for additional findings of fact, the Board affirmed the referee's award of partial benefits but modified his order allowing benefits only from February 7, 1979.

Duquesne Light contends that the notice sent on August 31, 1978, was ineffective to fulfill the requirement of Section 311 of The Pennsylvania Workmen's Compensation Act[1] that notice of an injury be given to the employer within 120 days of the injury. This contention is based on the fact that Laskosky had not yet been examined by a doctor and medical verification of his condition was not obtained until October 5, 1978.

We disagree. Section 311 requires notice to an employer be given within 120 days after an employee becomes aware of an injury, *"[u]nless the employer shall have knowledge of the occurrence of the injury."* (Emphasis added.) In *Findlay Refractories v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 454, 415 A.2d 1270 (1980), this Court held that notice could be given prior to the establishment of an injury by medical testimony. We wrote:

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631.

The purpose of the notice requirement is to protect the employer from stale claims for injuries of which it had no knowledge, made after the time for a full and complete examination of the facts had passed. Therefore, actual knowledge of a compensable injury is sufficient.

*Id.* at 462, 415 A.2d at 1274.

In this case, Duquesne Light had actual knowledge of Laskosky's asserted injury and *Findlay Refractories* is controlling.

Affirmed.

### ORDER

The order of the Workmen's Compensation Appeal Board, No. A-79188 dated March 19, 1981, is affirmed and it is ordered that judgment be entered for Steven Laskosky and against Duquesne Light Company, which is directed to pay partial disability compensation at the rate of $147.61 per week commencing February 7, 1979.

All past due amounts shall be interest-bearing at the rate of ten percent (10%) per annum.