520 A.2d 77

Old Republic Companies, Petitioner *v.* Workmen's Compensation Appeal Board (Eckenrode, Rockwood Insurance Company), Respondents.

Submitted on briefs October 7, 1986, to Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*Paul E. Sutter, Tillman & Thompson,* for petitioner.

*Timothy P. Creany, Pawlowski, Creany & Tulowit-zki,* for respondents.

OPINION BY JUDGE COLINS, January 13, 1987:

This is an appeal by Old Republic Companies (petitioner) from an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits[1] and dismissing petitioner's petition for joinder of Rockwood Insurance Company (Rockwood) as a party defendant.

David J. Eckenrode (claimant) was in the employ of Cooney Brothers Coal Company when, on March 31, 1977, a 150-pound conduit line fell upon him injuring his back. Claimant filed for and received workmen's compensation disability benefits from petitioner for the period of March 31, 1977, to March 26, 1979. During this same period, claimant received treatment from his treating physician George H. Wheeling, M.D. who, on December 15, 1977, performed a spinal fusion L5 to sacrum with autogenous right iliac bone graft, in an effort to alleviate claimant's disability. This operation proved to be relatively successful. Therefore, in March, 1979, claimant returned to work and his compensation was suspended.

On August 5, 1982, claimant, while still in the employ of Cooney Brothers, again injured his back, this

---

[1] Benefits were awarded pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1023.

time by slipping as he stepped from a truck. Rockwood, which was the carrier for Cooney Brothers at that time, paid workmen's compensation benefits from August 13, 1982, to January 12, 1983. At this latter date, Dr. Wheeling, feeling that claimant had recovered from his slip and fall accident, released claimant for work on a light duty basis. However, despite being released for work, claimant did not return to work and his employer did not notify him as to the availability of suitable work.

Between January, 1983, and January, 1984, claimant complained of continued back pain. In response to these complaints, Dr. Wheeling conducted exploratory surgery on the claimant, discovering a fascial hernia on the right posterior crest of the graft donor site of the 1977 operation. Dr. Wheeling surgically corrected this hernia in October of 1983. Subsequently, on January 9, 1984, Dr. Wheeling deemed claimant recovered from his injured back and again released him for work.

Claimant filed a reinstatement petition against Cooney Brothers and petitioner, alleging disability for an indefinite period of time dating from March 31, 1977. Petitioner denied the claim and filed a petition for joinder of Rockwood.

A hearing was held and, on October 3, 1984, the referee who presided over the hearing made a determination directing petitioner to pay workmen's compensation benefits for the period from January 16, 1983, to January 9, 1984. The referee also denied petitioner's petition to join Rockwood as a party defendant. The Board affirmed the referee's determination and this appeal follows.

Petitioner asserts that there are two legal arguments each of which relieve it from liability for payment of workmen's compensation benefits. First, it is argued that claimant has failed to prove the elements necessary to establish a compensable disability. Second, it is ar-

gued that, even if disability has been proven, there is insufficient evidence linking said disability to the 1977 accident for which petitioner was the insurer. We will address these arguments, *seriatim.*

We note, initially, that this Court's review in workmen's compensation cases is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether a necessary finding of fact was unsupported by substantial evidence. *Lehman v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 381, 439 A.2d 1362 (1982). We further note that the party who prevailed below is entitled to the benefit of the most favorable inferences to be drawn from the evidence. *Workmen's Compensation Appeal Board v. Thomas V. Ferrick, Inc.,* 23 Pa. Commonwealth Ct. 591, 353 A.2d 490 (1976).

Petitioner's first contention is that claimant was not disabled during the time period of January 16, 1983, to January 9, 1984. We find that the referee's contrary conclusion is supported by the record. On this specific issue, the testimony of Dr. Wheeling established that claimant was disabled. This testimony was accepted by the referee who, in finding of fact No. 13, found that: "[T]he claimant was disabled during the period of January 16, 1983 through January 9, 1984, said period of disability is attributable to the fascial hernia resulting from the March 31, 1977 injury and resulting surgical fusion."

It is petitioner's contention that there is not substantial evidence to support this finding. Petitioner argues that the referee's findings of fact read as a whole do not support a finding of disability.

Admittedly, there is some internal inconsistency in Dr. Wheeling's statements. This becomes obvious when one takes note of the fact that he released claimant for

work on two different occasions, *i.e.*, January of 1983 and then again in January of 1984. However, it is also apparent that Dr. Wheeling's first work release was a qualified release. Although Dr. Wheeling felt that claimant had recovered from his slip and fall accident of 1982, Dr. Wheeling did not feel that claimant was without any disability. It was for this reason that Dr. Wheeling stated that he had released claimant for light duty employment only in January of 1983. He further stated that during the period from January, 1983, to January, 1984, claimant was suffering from a disability which was not cured until after the fascial hernia had been repaired.

It is axiomatic that the referee in a workmen's compensation case has broad discretion and may accept or reject the testimony of any witness, in whole or in part, even where such testimony is inconsistent. *Dick's Delicatessen of Paoli, Inc. v. Workmen's Compensation Appeal Board (DeVirgilio)*, 82 Pa. Commonwealth Ct. 444, 475 A.2d 1345 (1984). Therefore, even though there were inconsistencies in Dr. Wheeling's testimony, the referee did not err, as a matter of law, in choosing to accept that testimony which supported a conclusion of disability.

Petitioner's real argument with respect to claimant's lack of disability, however, is that claimant has not proven himself to be *totally disabled*. We do not see the referee's determination as relying upon a conclusion that claimant was, in fact, totally disabled. Rather, a close reading of the referee's determination indicates that the disability to which the referee makes reference in finding of fact No. 13 is not a total disability. The referee specifically states in conclusion of law numbered 5 and 6 that petitioner's disability was a residual physical impairment. This is in agreement with findings of fact Nos. 9, 12 and 14, wherein the referee characterized

petitioner as suffering from physical discomfort which would prevent him from performing strenuous tasks.

Instead of allowing benefits on the basis of total disability, the referee found claimant to be suffering under a partial disability, and he awarded benefits because the employer failed to prove work availability. This is evident from a reading of conclusion of law number 7 which states:

> [A]lthough Dr. Wheeling had released the claimant for work at that time (i.e., January, 1983), Cooney Brothers Coal Company did not put the claimant back to work nor had the Old Republic Insurance Company or Cooney Brothers Coal Company demonstrate [sic] that work was available to the claimant within the limitation of his work injury from January 1983 through January 9, 1984.

This is a proper basis for awarding benefits. Our Supreme Court established the requirement that the employer show work availability when in *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968), it held that:

> [O]nce the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining.

431 Pa. at 458, 246 A.2d at 674. *See also Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 91 Pa. Commonwealth Ct. 543, 498 A.2d 36 (1985), *petition for allowance of appeal granted sub nom. Vepco Construction Co. v. Workmen's Compensation Appeal Board (Kachinski)*, 510 Pa. 279, 507 A.2d 386 (1986).

Since the referee, as the factfinder, found that the claimant's disability prevented him from returning to his former employment, and since the record is devoid of any evidence presented by the employer as to work availability, we find that the employer has failed to meet its burden of proof. Therefore, since there is substantial evidence that claimant suffered a work-related disability, our consideration of this issue is concluded.

We now turn to petitioner's second argument. Petitioner claims that even if a disability is present, this disability cannot properly be attributed to the original accident of 1977. Petitioner asserts that Dr. Wheeling's testimony does not causally connect petitioner's disability to the 1977 injury. Specifically, it is argued that since Dr. Wheeling declined to state with a reasonable degree of medical certainty that the fascial hernia was the result of the spinal fusion operation, there was not unequivocal medical testimony as to work-related disability. *See Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983).

This Court recognizes the authority of *Philadelphia College*. However, *Philadelphia College* does not require any "magic language" in determining whether the requisite unequivocal medical evidence has been supplied.

In the instant case, Dr. Wheeling specifically stated, "I feel the fascial hernia is the result of the first operation in 1977. It's . . . an uncommon but not rare defect which occurs in attempting to close the donor site of a bone graft. I've *never* seen one occur as a result of injury." (Emphasis added). Clearly, such testimony, if believed, would constitute substantial evidence to support the referee's findings. *See Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Later in his testimony, Dr. Wheeling, through artful cross-examination, was induced into declining to state with a reasonable degree of medical certainty that the fascial hernia was caused by the 1977 accident. Perhaps this was because he felt that to use this language would rule out even the *possibility* that the fascial hernia had a different cause. Nevertheless, despite his refusal to adopt this language, Dr. Wheeling did reiterate that he had, "never experienced fascial hernia occurring as a result of an acute injury" (such as claimant's second injury).

The direct testimony of Dr. Wheeling provides unequivocal medical evidence sufficient to meet the requirements of *Philadelphia College. (Philadelphia College* held that a doctor's testimony as to "his professional opinion" or "his belief" or "that he thinks the facts exist" supplies sufficient evidence to meet the applicable standards of certainty to uphold a finding of disability provided that this testimony is not recanted). The referee obiously placed greater reliance upon Dr. Wheeling's direct testimony. As a result thereof, substantial evidence exists to support the conclusion that claimant's disability was the result of his 1977 accident.

Accordingly, we affirm the Board's order supporting the referee's determination.

## ORDER

AND NOW, this 13th day of January, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.