Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Margaret H. Vain *v.* Penn Brook Milk Company and Federal Insurance Company, Insurance Carrier, Appellants.

Argued October 10, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Lowell A. Reed, Jr.,* with him *Rawle & Henderson,* and, of counsel, *William G. Adamson,* for appellants.

*Thomas F. McDevitt,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, December 16, 1975:

This is an appeal by Penn Brook Milk Company and Federal Insurance Company (appellants) from an order of the Workmen's Compensation Appeal Board (Board) sustaining a referee's grant of workmen's compensation benefits to Margaret H. Vain (claimant). Claimant is the surviving dependent spouse of Robert J. Vain (Vain) who died during the course of his employment as a milk truck driver and dairy salesman.

The facts immediately surrounding Vain's death, the proof of which here is necessarily dependent on conflicting circumstantial evidence, presented a very difficult setting for the referee to fulfil the fact-finding role that is imposed on referees by the Pennsylvania Workmen's Compensation Act.[1] After the referee's due deliberations, he set forth the following two findings of fact crucial to his conclusion of a compensable "accident":

---

1. Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S.§1 et seq.

"2. That on January 29, 1968 the decedent, while making a delivery on his route, on the Northwest Corner of Greenway Ave. and Third Ave., Darby, Pa. slipped and fell and struck his head on the street.

"3. That as a result of the fall claimant [sic] suffered a bruise on the left side of his forehead and abrasions to the back of the scalp, all of which resulted in his accidental and immediate death."

The Board, without taking any additional testimony, affirmed the referee while making the following modifications to his findings:

"We shall affirm the determination of the referee by adding these amendments:

"We delete the work [sic] 'slipped' in finding of fact #2.

"We add to finding of fact #3 a sentence at the end thereof:

"The fall produced myocardial ischemia causing electrical failure of the heart and produced a fatal arhythmia [sic] resulting in death."

Upon close examination, we conclude that the Board clearly erred, for it is now well settled that the Board may not make its own findings of fact, or modify those of the referee, unless it first takes additional evidence. *Weller Electric Corporation v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 485, 317 A. 2d 339 (1974). The Board of course may still consider whether any of the referee's conclusions constitute an error of law. *Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 73, 308 A. 2d 189 (1973).

The appellants have withdrawn their objection to the Board's deletion of the word "slipped" from the referee's second finding and we therefore do not have before us the propriety of that modification. However, appellants continue vigorously to contest the Board's addition to the referee's third finding.

Of course, not every time the Board modifies a referee's finding without taking additional evidence will there be reversible error. Recently we have held that if in fact the Board's new finding is actually encompassed by the referee's former finding, it is merely harmless error and we will not reverse the Board's holding in absence of other extenuating circumstances. *General Tire and Rubber Company v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 473, 332 A. 2d 867 (1975). We, of course, are compelled here to stress the very limited application of this doctrine to the rather narrow factual circumstances of that case.

A direct reading of the referee's third finding necessarily leads one to the conclusion that Vain died of a head injury. Such a finding cannot be subtantiated by the record as there was no medical testimony presented in support of a proposition that the head injury was the direct cause of Vain's death. If we were to accept this finding as complete on its face, we would be compelled to reverse for it is clear that such a finding is not supported by substantial competent evidence in the record.

However, the Board in its opinion recognized what it thought to be the referee's obvious and inconsequential mistake in the drafting of his findings when it noted:

"In finding of fact #3 the referee found that as the result of the fall, decedent suffered a bruise on the left side of his forehead and abrasions to the back of his scalp, all of which resulted in his accidental and immediate death. The referee makes no mention of the immediate cause of death, the coronary occlusion. It is obvious, however, that the referee accepted as true the conclusion of the cardiologist presented by claimant. His conclusion was that the fall produced so much myocardial ischemia that there was an electrical failure of the heart, that produced a fatal arhythmia, which resulted in death."

We find this "mistake" to be neither obvious nor inconsequential. The referee's findings do not in any man-

ner approach the resolution of this key issue. It was not incumbent upon the Board to second-guess the referee. The Board had three choices: 1) to reverse the referee because his findings could not be supported by the evidence; 2) to hear additional testimony and promulgate its own findings; or 3) to remand the matter to the referee in order for him to complete, explain or further expand his findings on the crucial issue of causation of death. It chose none of these alternatives, and it is therefore impossible for us to decide whether or not the proper law has been applied. *Joseph Horne Company v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 419, 327 A. 2d 395 (1974).

We therefore issue the following

### ORDER

AND NOW, this 16th day of December, 1975, it is ordered that the record in this case be remanded to the Workmen's Compensation Appeal Board which shall dispose of same in a manner not inconsistent with this opinion.