John Zacek and Workmen's Compensation Appeal Board *v.* Republic Steel Corporation and Commonwealth of Pennsylvania. Republic Steel Corporation, Appellant.

Argued May 6, 1976, before President Judge Bow-MAN and Judges MENCER and ROGERS, sitting as a panel of three.

*Linton L. Moyer*, with him *Ralph A. Davies*, and *Thomson, Rhodes & Grigsby*, for appellant.

*Benjamin L. Costello*, with him *Kenneth J. Yablonski*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE MENCER, June 16, 1976:

Republic Steel Corporation appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's grant of occupational disease benefits to John Zacek (Zacek).[1] Zacek filed his claim petition and was awarded benefits pursuant to the new occupational disease provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. (Act).[2] Our scope of review is the same as

---

[1] Although the workmen's compensation referee, Workmen's Compensation Appeal Board, the briefs filed in this case, and our docket refer to claimant as "John Zacek", the claim petition and the claimant's signature thereon reads "Joseph Zacek".

[2] For a partial explanation of those amendments and their effect on occupational disease claims, see *Workmen's Compensation*

that followed in workmen's compensation injury cases; namely, where, as here, the Board has affirmed an award of a referee, we are limited to a determination of whether there is substantial competent evidence in the record to support any necessary findings of fact and whether the Board or referee has committed an error of law. *See Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975).

Zacek had been employed in Pennsylvania as a coal miner for well over forty-five years. During his last seventeen years in the mines, Zacek was an employee of Republic Steel. The referee found that Zacek's last day of employment with Republic Steel was December 31, 1973. The referee also found that on July 2, 1974, Zacek gave notice to Republic Steel of his alleged disability due to coal worker's pneumoconiosis. The referee further found Zacek totally disabled and therefore awarded benefits as provided in the Act.

In its appeal of the award, Republic Steel has preserved as its only issue for our review whether Zacek gave timely notice of his disability within the 120-day limitations period imposed by Section 311 of the Act, 77 P.S. §631. Both parties have extensively briefed and competently argued the causes of their respective interpretations of the new provisions of Section 311. Unfortunately, we are unable to reach the merits of their arguments because of the absence of necessary findings by the referee.

As amended in 1972, Section 311 provides: "Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone

---

*Appeal Board v. Commonwealth of Pennsylvania*, 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975). Also, see 2 A. Barbieri, *Pa. Work. Comp.* §7.00 et seq. (1975).

in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.''

Here the referee failed to make any findings concerning when Zacek knew or should have known of the existence of his disability resulting from an occupational disease and the disability's possible relationship to his employment. From the time Zacek filed his claim petition, Republic Steel has pursued its contention that notice was untimely. Yet for some reason the referee failed to respond to that contention. The Board, in apparent recognition of the referee's omission, did, without taking any additional evidence, set forth findings relevant to those issues. However, the law clearly prohibits the Board from making findings without first taking additional evidence. *See Workmen's Compensation Appeal Board v. Penn Brook Milk Company*, 22 Pa. Commonwealth Ct. 371, 349 A.2d 533 (1975). We are therefore compelled to remand this matter so that the factfinder can properly make relevant findings on the Section 311 issue.

ORDER

AND Now, this 16th day of June, 1976, it is ordered that the record in this case be remanded to the Work-

men's Compensation Appeal Board which shall proceed in a manner not inconsistent with this opinion.

Judge KRAMER did not participate in the decision in this case.