Commonwealth of Pennsylvania, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Reading Anthracite Company and Joseph J. Slifko, Respondents.

Argued September 10, 1979, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Lawrence W. Dague,* with him *Richard N. Shapiro,* Assistant Attorney General, for petitioner.

*Robert J. Gillespie, Sr.,* for respondents.

OPINION BY JUDGE MacPHAIL, November 9, 1979:

The Commonwealth of Pennsylvania (Commonwealth) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming an order of the referee granting workmen's compensation benefits to Joseph J. Slifko (Slifko). Slifko initially sought workmen's compensation benefits pursuant to Section 108 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2,

1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1, alleging that he was totally and permanently disabled due to anthracosilicosis. The Commonwealth does not dispute that Slifko is totally and permanently disabled or that his disability resulted from exposure to coal dust during the course of his employment with Reading Anthracite Company (Reading). The only issue raised by the Commonwealth is whether the order of the Board should be reversed and Slifko's claim petition dismissed because Slifko failed to give timely notice of his occupational disease to Reading as required by Section 311 of the Act, 77 P.S. §631. For the reasons which follow, we reverse the order of the Board and remand this case to the referee for further fact finding on the issue of notice.

The notice requirements as set forth in Section 311 provide that:

> Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. *However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.* The term 'injury' in this section means, in cases of occu-

pational disease, disability resulting from occupational disease. (Emphasis added.)

For the purposes of Section 311, then, the computation of time for giving notice of an occupational disease runs from the date that a claimant (1) is disabled and (2) knows or should know through the exercise of reasonable diligence that he or she is disabled and that the disability is possibly related to his or her employment. *Industrial Services Contracting, Inc. v. Wilson,* 28 Pa. Commonwealth Ct. 83, 91, 367 A.2d 377, 381 (1977). Timely notice to claimant's employer is a mandatory requirement of a workmen's compensation claim. *Workmen's Compensation Appeal Board v. Czepurnyj,* 20 Pa. Commonwealth Ct. 305, 308, 340 A.2d 915, 917 (1975). A finding of fact as to the date when Slifko knew or should have known of his disability is essential in determining whether compensation benefits were properly granted to him.

Upon a review of the record here, we find substantial evidence to support the referee's finding that Slifko became totally and permanently disabled on November 10, 1975 and that he gave notice of his disability to Reading on April 19, 1977. The referee failed to make a finding, however, concerning when Slifko knew or should have known of his disability and whether the notice to Reading was timely. In its opinion the Board stated "We agree with the Referee that it has not been shown that 120 days passed from which time Claimant knew he was totally and permanently disabled due to an occupational disease." The referee did *not* make such a finding and it was error for the Board to do so without first taking additional testimony. *Zacek v. Republic Steel Corp.,* 25 Pa. Commonwealth Ct. 199, 202, 359 A.2d 842, 844 (1976). Inasmuch as the testimony in the present record is conflicting on matters essential to a valid decision, the case must be remanded.

266

Order reversed and case remanded for proceedings not inconsistent with this opinion.

## ORDER

AND Now, this 9th day of November, 1979, the Order of the Workmen's Compensation Appeal Board at Docket No. A-73814, dated July 20, 1978 is reversed and the case is remanded to the Referee for proceedings not inconsistent with this opinion.