E.J.T. Construction, Inc. and Zurich Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bruno Larusso, Respondents.

Argued October 4, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Charles S. Katz, Jr.,* with him *Swartz, Campbell & Detweiler,* for petitioners.

*James M. Jacquette,* with him *Timoney, Knox, Hasson & Weand,* for respondents.

OPINION BY JUDGE BLATT, November 30, 1979:

E.J.T. Construction, Inc. (employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which reversed a referee's determination and granted benefits to the claimant, Bruno Larusso.

The claimant suffered a heart attack on the evening of Friday, October 17, 1975 while at home. On the evening of Sunday, October 19, 1975, his daughter

telephoned a representative of the employer to inform him that her father was hospitalized and would therefore not be at work the next day. It was not until May of 1976, however, that the claimant filed a petition for workmen's compensation benefits pursuant to The Pennsylvania Workmen's Compensation Act.[1] The referee found after a hearing that the claimant had suffered an injury in the course of his employment which rendered him totally disabled, but denied the petition on the basis that the claimant had failed to give timely notice of his injury to the employer within the 120-day limitation period imposed by Section 311 of the Act, 77 P.S. §631.

On appeal, the Board reversed the decision of the referee after concluding that the daughter's phone call of October 19, 1975, was sufficient notice under the Act. That Board found that

Since the employer was already aware of a prior heart attack which occurred during the course of employment; a workmen's compensation claim for same; a light duty restriction and heavy work despite it, it had sufficient information to make a proper investigation when it became aware of a recurring heart attack from which the employee [claimant] never recovered.

This appeal followed.

Section 311 of the Act provides:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

While we do not believe that the record before us supports the Board's conclusion that the employer was given notice of the injury within 120 days of its occurrence, we do believe that this conclusion is not dispositive of the issue. The second sentence of Section 311 of the Act clearly provides that, when the relationship of the injury to the employment is not known to the employee, the 120-day period does not begin to run until the employee either knows or should know of such a relationship. Here, however, the referee failed to make any finding whatever as to when the claimant knew or should have known of the causal relationship between his employment and his heart attack. And as the Board correctly pointed out in its opinion, there is no testimony of record concerning this crucial issue.

Because further appellate review is impossible without this information, see Zacek v. Republic Steel Corp., 25 Pa. Commonwealth Ct. 199, 359 A.2d 842 (1976), we are compelled to remand the matter so that the factfinder can properly make relevant findings concerning when the notice period began to run.

496

ORDER

AND Now, this 30th day of November, 1979, it is ordered that the record in this case be remanded to the Workmen's Compensation Appeal Board for proceedings consistent with this opinion.