Estelle Blackshear, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Crown Cork & Seal Co., Inc., Respondents.

Argued June 4, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

530

*James J. DeMarco, DeMarco, Moran & Carrafiello,* for petitioner.

*Patrice A. Toland,* with her *Larry Pitt,* for respondents.

OPINION BY JUDGE CRAIG, July 15, 1981:

The claimant[1] has appealed the Workmen's Compensation Appeal Board's affirmance of a referee's decision denying compensation to claimant, a press operator.

On March 5, 1976, the claimant, while inside the employer's[2] plant, preparing to begin her duties on the 11 p.m. to 7 a.m. work shift, slipped on spilled oil and fell to the floor. Consequently, on March 8, 1976, Dr. Cattie, the company physician, examined the claimant and diagnosed her as having suffered a contusion of her right buttock as a result of her fall on March 5.

According to the employer's attendance records, the claimant, seemingly without any effects from her fall, continued her employment until December 1976.[3] However, on December 2, 1976, the claimant was rendered unable to work for the entire month by a severe pain which extended from her lower back down her right side to her ankle. The claimant returned to

---

[1] Estelle Blackshear.

[2] Crown Cork and Seal Company.

[3] Although the record shows that the claimant was on medical leave of absence from June 3, 1976 to July 12, 1976, the record is unclear as to whether the leave was related to the claimant's fall.

work on January 2, 1977, but she was unable to continue after January 6, 1977. Thereafter she filed a claim petition for disability allegedly beginning the week of January 7, 1977.

Here the claimant first contends that the referee erred by concluding that the claimant failed to give timely notice to the employer of her alleged work-related injury of March 5, 1976.

The evidence in the record causes us to agree with the claimant's contention that she timely notified the employer of the accident which she alleges caused her disability. Before the referee, the claimant gave uncontradicted testimony that on the morning of March 6, 1976 she notified the company nurse of her accident the night before. Moreover, the record clearly shows that by March 8, 1976, the company doctor was aware of the claimant's fall, and on that date examined the claimant in relationship to its consequences. Thus, through its agents, the employer was properly notified of the circumstances surrounding claimant's alleged injury. In *Firestone Tire and Rubber Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 142, 396 A.2d 902 (1979) this court held that reporting an accident to an employer's nurse is notice to the employer.

The claimant next contends that the referee capriciously disregarded competent evidence by concluding that there was no causal connection between the claimant's fall and her subsequent disability.[4]

Before the referee, the parties produced conflicting medical testimony as to the cause of the claimant's disability. The relative weight to be given to

---

[4] Where, as here, the referee has found that the party with the burden has failed to meet it, our scope of review is limited to whether the referee capriciously disregarded competent evidence. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 103, 394 A.2d 1091 (1978).

532

the respective testimony of medical experts is exclusively for the referee to determine, and the referee is not required to state his reason for accepting one medical opinion over another. *City of Hazleton v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978).

Here, although the claimant's physician attributed the claimant's disability to her fall at the job, the referee, in exercising his discretion, attached more credibility to the testimony of the employer's medical experts, Dr. Cattie and Dr. Beller. Dr. Cattie testified that, during his examinations, the claimant failed to show any symptomatology that she suffered a back injury from her fall. Moreover, Dr. Beller testified that the claimant's disability emanated from a faulty spinal fusion operation performed in 1963. Consequently, we cannot hold, on this record, that the referee capriciously disregarded competent evidence in reaching his decision.

Accordingly, we affirm the decision of the board.

ORDER

AND Now, July 15, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-77979, dated August 14, 1979, is hereby affirmed.