Louis D. Blass, Petitioner *v.* Workmen's Compensation Appeal Board (Shenandoah Mining Co.), Respondents.

Submitted on briefs February 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Bart E. Ecker, Laputka, Bayless, Ecker & Cohen, P.C.,* for petitioner.

*Kathleen A. Lenahan, Lenahan and Dempsey,* for respondent, Shenandoah Mining Co.

OPINION BY JUDGE DOYLE, September 29, 1983:

This is an appeal by Louis D. Blass (Claimant) of an order of the Workmen's Compensation Appeal Board (Board) which dismissed Claimant's appeal and affirmed a referee's denial of benefits.

Claimant was employed in the mining industry by the Shenandoah Mining Company (Shenandoah) from 1944 through October, 1974. From October, 1974 to June 25, 1975, he was employed in substantially the same capacity by Beltrami Enterprises, Inc. (Beltrami), a successor corporation which had purchased the Shenandoah operation in which Claimant worked. After the purchase by Beltrami, Shenandoah ceased to exist. Claimant filed a Claim Petition on March 27, 1978, alleging total disability as a result of exposure to a silica hazard, in accordance with Section 108(k) of The Pennsylvania Workmen's Compensation Act (Act).[1]

At a pre-hearing conference it was determined that since Claimant had been employed by Beltrami for less than one year, Shenandoah was the employer liable under the Act.[2] The caption on the Claim Petition was amended to name Shenandoah as Defendant and the matter proceeded to a hearing. Following the hearing, the referee found that Claimant was totally disabled due to anthracosilicosis and would otherwise be entitled to compensation based upon the average weekly wage computed according to wages

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(k).

[2] *See* Section 301(c)(2) of the Act, 77 P.S. §411(2).

earned when Claimant worked for Shenandoah. The referee concluded, however, that Claimant had failed to give notice to Shenandoah or its insurance carrier within the 120 days from the date of the injury as required by Section 311 of the Act.[3] The Board affirmed and this appeal followed.

Claimant argues first that Shenandoah had received actual or constructive notice of his injury because he complained to his Shenandoah foreman in 1972 of difficulties in performing his work. Claimant relies on *Findlay Refractories v. Workmen's Compensation Appeal Board,* 52 Pa. Comonwealth Ct. 454, 415 A.2d 1270 (1980). *Findlay* is inapposite. In that case, the claimant had informed his foreman of his inability to work and quit the next day. The referee found that this constituted sufficient actual knowledge of the injury on the employer's part to satisfy the notice requirements under Section 311 of the Act. We held that the employer's knowledge of the injury was evident in litigation which was begun within four months of the Claimant's last day of work. In the case *sub judice,* Claimant informed Shenandoah of difficulties in performing his work but continued to work for more than two years and claimed no disability until 1978. From Claimant's 1972 complaints we cannot impute to Shenandoah actual knowledge that Claimant was disabled. *See Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 407 A.2d 117 (1979).

Claimant then argues that timely notice to Beltrami was sufficient under Section 311 of the Act. We agree that under the unique circumstances of this case such notice was adequate. The procedural no-

---

[3] 77 P.S. §631.

tice sections of the Act are designed to make knowledge rather than formal notice the standard. *Padilla v. Chair Bike Corp.,* 27 Pa. Commonwealth Ct. 190, 192 n. 3, 365 A.2d 903, 904 n. 3 (1976). Here, where one corporation directly succeeded another in the operation of the mine, employed the Claimant in exactly the same capacity as the predecessor company, and used the same insurance carrier as the predecessor to compensate workers who succumb to occupational disease, timely notice given to the successor corporation necessarily alerts the carrier for the predecessor company and we will impute timely knowledge of the injury to the predecessor company and its carrier.

Accordingly, we reverse.

### ORDER

Now, September 29, 1983, the order of the Workmen's Compensation Appeal Board in the above referenced matter, No. A-79266, dated October 27, 1981 is hereby reversed and the matter is remanded for the computation of benefits. Jurisdiction is relinquished.