538

Richard Van Patton, Petitioner *v.* Workmen's Compensation Appeal Board (Scott Paper Company), Respondents.

Argued October 17, 1984, before Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

James H. Gorbey, Jr., for petitioner.

Charles S. Katz, Jr., Swartz, Campbell & Detweiler, for respondents.

OPINION BY JUDGE WILLIAMS, JR., December 28, 1984:

Richard Van Patton appeals from the decision of the Workmen's Compensation Appeal Board affirming the referee's denial of compensation.

On October 27, 1980, Van Patton filed a petition for compensation alleging that in May of 1979, he suffered a work-related reoccurrence of an injury which he sustained in January of 1971. He later amended his petition to allege an independent injury on May 7, 1979, resulting in disability from May 28, 1979 through July 7, 1981.

The compensation referee dismissed the petition on two grounds: (1) that Van Patton had failed to establish that his disability was job-related; and (2) that Van Patton had failed to give notice of his injury to the employer within 120 days as prescribed by Section 311 of The Pennsylvania Workmen's Compensation Act.[1] The Board subsequently affirmed the referee on the sole ground that Van Patton had not given the required notice of his injury; the Board did not address at all whether the referee erred in concluding that a work-related injury had not been established.

The referee made the following findings of fact with regard to the issue of notice:

Although claimant told Dr. Bosacco that it was his work activity of May, 1979 that caused

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631. Section 311 of the Act provides in part as follows:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

his back problems beginning in that month, the doctor never recorded that history in his records; thus the opinion of Dr. Bosacco that there was a causal relationship between claimant's work activities and the pathology which he diagnosed was based on his recollection of what claimant related to him.

Claimant gave no notice of his injury of May 7, 1979 to Scott Paper Company and relied upon Dr. Bosacco to do so. Although there is no evidence to support this allegation, claimant alleges in his Petition that on September 28, 1979, Dr. Bosacco sent a medical statement to the medical department of Scott Paper Company. Even if there were evidence to support that allegation, notice would be beyond 120 days.

Whether or not the employer received knowledge of the injury pursuant to Section 311 is a question of fact for the referee. *Miller v. Workmen's Compensation Appeal Board*, 78 Pa. Commonwealth Ct. 22, 466 A. 2d 787 (1983). The limitations of our scope of review in a case such as this—where the party with the burden of proof did not prevail below and the Board took no additional evidence—precludes us from disturbing these findings absent indication that the referee capriciously disregarded competent evidence. *Id.*

The claimant contends, however, that the referee both ignored competent evidence establishing that he personally gave notice to the employer, and erred in failing to find that the employer had actual knowledge of his injury. In particular, he cites his own testimony as evidence that he personally gave notice of his injury to the employer within days of the occurrence. The testimony upon which the claimant relies states:

Q.. Were you out of work between the time that you allege you suffered an injury as set

forth in your petition for a short period of time?

A. A day, two days at the most.

Q. Did you call in sick to your company?

A. Yes.

Q. On those days?

A. Yes, you have to do that.

Q. Did you inform them of the nature of why you were out of work?

A. I said my back was bothering me.

Q. Upon your return to work, or before you returned to work, did you inform them that you had gone to see Dr. Bosacco?

A. Yes, medical.

Q. Is that all that was required of you to report out sick?

A. When you're going to be out two or three days—yes, you have to report off every day when you're out. Then if you're out over three days you have to take a slip from the doctor in to medical.

This testimony, however, even if fully credited, does not establish notice consistent with the requirements of Sections 311 and 312.[2] In this regard, our opinion in *Rinehimer v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 480, 485, 444 A.2d 1339, 1341 (1982) is directly on point:

Section 312 of the Act . . . prescribes the information to be contained in a notice of injury. Section 312 states, in part here pertinent, that:

"The notice referred to in section three hundred and eleven *shall* inform the employer that a certain employe received an injury, described in ordinary language, *in the course of his em-*

---

[2] 77 P.S. §632.

*ployment* on or about a specified time, at or near a place specified. (Emphasis added.)''

The telephone message from the claimant's wife did not tell the employer, or even suggest, that the claimant's heart attack was work-related. In short, that message did not inform the employer, as is required by Section 312, that the injury occurred "in the course of" the claimant's employment.

As in *Rinehimer,* the evidence in the instant case fails to establish that the employer was advised of the asserted relationship between the injury and the claimant's work activities within 120 days after the occurrence of the injury.[3] We, therefore, cannot say that the referee capriciously disregarded any competent evidence.

Van Patton contends, alternatively, that, regardless of whether he or someone on his behalf notified the employer as required by Section 311, the employer had actual knowledge of the occurrence by virtue of various contacts that the claimant had with the employer subsequent to the injury. These contacts, however, fail to suggest any nexus between the claimant's physical condition and his work activities. Although an employer's actual knowledge of the occurrence of

---

[3] Section 311 provides that where the nature of the injury or its relationship to the employment is not known to the employee, the time for giving notice does not begin to run until the claimant knows, or with reasonable diligence would have known of the existence of the injury and its possible relationship to his employment. In light of this provision, we have on occasion been required to remand a case for a factual determination as to when the notice period began to run. *See, e.g., Rinehimer; E.J.T. Construction, Inc. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 492, 408 A.2d 226 (1979). No remand is necessary in the instant case in light of the claimant's contention that he was aware of the injury and notified the employer of it almost immediately.

an injury obviates the necessity for a claimant to give notice, the employer's knowledge must be sufficient to apprise him of a *compensable* injury. *See Duquesne Light Company v. Workmen's Compensation Appeal Board,* 69 Pa. Commonwealth Ct. 331, 450 A.2d 1100 (1982); *Findlay Refractories v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 454, 415 A.2d 1270 (1980). We find nothing in the instant record from which it could be reasonably inferred that the employer had such knowledge.

Accordingly, the decision of the Board must be affirmed.

### ORDER

AND NOW, this 28th day of December, 1984, the decision and order of the Workmen's Compensation Appeal Board at No. A-83391 is affirmed.