508 A.2d 393

Enoch Bailey, Petitioner *v.* Workmen's Compensation Appeal Board (Pittsburgh Tube Company), Respondents.

Argued October 11, 1985, before Judges CRAIG and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for petitioner.

*Michael Relich,* with him, *Edward D. Klym, David R. Hartman* and *Arthur A. Asti, Trushel, Wood & Israel,* for respondent, Pittsburgh Tube Company.

OPINION BY JUDGE BARBIERI, April 28, 1986:

Enoch Bailey, Claimant, appeals here an order of the Workmen's Compensation Appeal Board denying him compensation benefits for a work-related injury suffered in the course of his employment with Pittsburgh Tube Company. The disallowance is based solely on the referee's determination, affirmed by The Workmen's Compensation Appeal Board (Board), that a timely notice was not given the employer within the meaning of provisions in Sections 311, 312 and 313 of the Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant's last day of work was apparently May 22, 1980, on which date the employer's nurse testified that Claimant reported with back pain and was provided authority to leave work because of this disability. She testified that she was not made aware by Claimant of any work-relation of his back complaint at that time. Claimant's immediate supervisor also testified that he was not immediately made aware that the injury was deemed to be work-related. However, the employer's Director of Personnel, Glen R. Wells, testified that after the Claimant had been to his physician, Dr. Charles V. Baltic, he returned on or about June 5th or 6th and reported to Mr. Wells that his disabling back condition was work-related. The testimony of Mr. Wells appears, in part, as follows:

....

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§631, 632, 633.

Q. Okay. Now in the course of your employment, are you familiar with a Mr. Enoch Bailey?

A. Yes, I am.

Q. And when was the first time, sir, that you became aware that he was claiming a work related injury regarding his lower back?

A. June 5.

Q. Of what year?

A. 1980.

Q. And how did you become aware on that date, sir?

A. He came into any [sic] office and informed me that he was reporting off work due to a lower back pain.

Q. And did he indicate to you that day that he had hurt his back at work?

A. No.

REFEREE LAUGHLIN: No?

MR. WELLS: No.

BY MR. ASTI:

Q. Now I'm talking about June 5, 1980?

A. He said he just had a lower back pain.

Q. Okay?

A. It occurred on the 22nd.

Q. Okay. Now when —

REFEREE LAUGHLIN: His initial question was when did you first become aware that the Claimant was alleging that he had the injury.

MR. WELLS: All right, sir. That was the first day that I seen [sic] him. He came in and said he had hurt his back and I asked him was it job related, and he said, no.

REFEREE LAUGHLIN: He said, no?

BY MR. ASTI:

Q. Okay, Sir, when was the first time that you become [sic] aware that he was claiming this injury was work related, if you can tell me?

A. It was some time after that, because the man was on lay-off status.

Q. Okay.

REFEREE LAUGHLIN: When is some time after that? You've got to give me some kind of a date, because it's important.

MR. WELLS: 1980

BY MR. ASTI:

Q. So it would have been the next day?

REFEREE LAUGHLIN: June 6, 1980, then you were aware that he was alleging a work related injury?

MR. WELLS: Yes.

As the referee notes in his finding of fact No. 14 some subsequent testimony by Mr. Wells, apparently not consistent with that quoted above, created what the referee termed an "ambiguity."[2] The referee also refers to the fact that the Claimant testified at one point that he had reported to a male nurse. The referee indicated that this challenged the credibility of Claimant since the nurse called by the employer who had seen Claimant on May 22, 1980, was female. It would appear, however, that rather than militate against the credibility of the Claimant, the failure of the employer to produce the male nurse as a witness creates an inference favorable to the Claimant.[3] *Holshue v. Workmen's Compensation*

---

[2] Wells, having testified as quoted on August 30, 1982, was recalled on November 30, 1982, at which time his testimony, although somewhat confused, would appear to contradict some of the quoted testimony.

[3] The employer has not denied the existence of a male nurse. Notice to a company nurse, of course, is adequate to comply with the notice provisions of the Act. *Blackshear v. Workmen's Compensation Appeal Board (Crown Cork)*, 60 Pa. Commonwealth Ct. 529, 432 A.2d 273 (1981).

*Appeal Board (Robideau Exp.),* 84 Pa. Commonwealth
Ct. 253, 479 A.2d 42, (1984); *Mahoney v. F. M. Roofing
Co.,* 135 Pa. Superior Ct. 498, 5 A.2d 812 (1939).

Our anaylsis of the testimony indicates that the ref-
eree was simply deciding that notice was not given on
the day the Claimant last worked and admittedly left his
employment with a back complaint. We believe that
this misconceives the fact-finding responsibilities in this
case, since the proof of notice, after advice of the physi-
cian, Dr. Baltic, is clearly related to the date of or about
June 6, 1980, rather than May 22, 1980, as the referee
and Board have stressed.[4]

We note that under the Notice sections of the Act,
knowledge rather than formal notice is required for
compliance. *Blass v. Workmen's Compensation Appeal
Board,* 77 Pa. Commonwealth Ct. 337, 465 A.2d 1094
(1983); *Blackshear v. Workmen's Compensation Appeal
Board (Crown Cork),* 60 Pa. Commonwealth Ct. 529,
432 A.2d 273 (1981); *Katz v. Evening Bulletin,* 485 Pa.
536, 403 A.2d 518 (1979); *rev'd,* 498 Pa. 219, 445 A.2d
1190 (1982).

Furthermore, it has been settled in decisions of this
Court that the period for giving notice does not begin
to run until five elements of knowledge on the part of
the Claimant have been established. *Consolidation Coal
v. Workmen's Compensation Appeal Board (Mountain),*
47 Pa. Commonwealth Ct. 64, 407 A.2d 134 (1979). In
that case, we stated:

> In Zacek, supra, Judge Mencer made clear that
> the notice period begins when the claimant
> *knows or should know of the existence of his dis-*

---

[4] Dr. Baltic saw and evaluated the Claimant on June 5, 1980,
at which time a history of injury at work was given by Claimant
"that the symptoms occurred on the 23rd of May, 1980 while bend-
ing over and lifting a bucket of material and experiencing pain in-
volving the low back." Respondent's Brief, pp. 97-98.

*ability resulting from an occupational disease* and that disability's *possible relationship to his employment.* In Republic Steel Corporation, supra, we have pointed out that the plain language of Section 311 thus spells out the notice period begins upon the conjunction of five elements: (1) knowledge or constructive knowledge (2) of disability (3) which exists, (4) which results from an occupational disease, and (5) which has a possible relationship to the employment. (Emphasis the Court's.)

47 Pa. Commonwealth Ct. at 69, 407 A.2d at 137.

While *Consolidation Coal* is an occupational disease case, the language used there is equally applicable to notice in injury cases under the amended version of Section 311 of The Workmen's Compensation Act. Thus, in *E.J.T. Construction, Inc. v. Workmen's Compensation Appeal Board (Larusso),* 47 Pa. Commonwealth Ct. 492, 408 A.2d 226 (1979), where a telephone call was made to an employer's representative to report the employe's heart attack, we stated:

The second sentence of Section 311 of the Act clearly provides that when the relationship of the injury to the employment is not known to the employee, the 120-day period does not begin to run until the employee either knows or should know of such a relationship. Here, however, the referee failed to make any finding whatever as to when the claimant knew or should have known of the causal relationship between his employment and his heart attack. And as the Board correctly pointed out in its opinion, there is no testimony of record concerning this crucial issue. Because further appellate review is impossible without this information, see Zacek v. Republic Steel Corp., 25 Pa. Commonwealth Ct. 199, 359

A.2d 842 (1976), we are compelled to remand the matter so that the factfinder can properly make relevant findings concerning when the notice period began to run.

47 Pa. Commonwealth Ct. at 495, 408 A.2d at 228. *See also, City of Philadelphia v. Workmen's Compensation Appeal Board (Erlink),* 78 Pa. Commonwealth Ct. 260, 467 A.2d 405 (1983).

We conclude that as in *E.J.T. Construction, Inc.* remand is required here.[5] All findings by the referee as to failure of notice on May 22 or 25, 1980, become irrelevant if Claimant was not aware of the relationship of his disability to his employment until June 6, 1980, or thereafter.

Accordingly, we will vacate and remand.

ORDER

AND NOW, April 28, 1986, the order of the Workmen's Compensation Appeal Board, No. A-86696, dated August 2, 1984, is hereby vacated and this case is remanded for further proceedings and consideration consistent with the foregoing opinion.

DISSENTING OPINION BY JUDGE BARRY:

After carefully reviewing the record and the referee's findings I am convinced that a remand is not appropriate under the facts presented by this case.

Claimant's only testimony on the issue of notice is that he reported his injury to the employer's nurse on the day it occurred, May 24, 1980. The employer presented three witnesses who essentially testified

---

[5] *E.J.T. Construction* was followed in *Rinehimer v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 480, 444 A.2d 1339 (1982).

that the employer did not have timely notice that claimant's injury was work related.

The plant dispensary nurse, Yvonette Tazel, testified that, although claimant did request a sick pass, he did not tell her that his back problems were work related. Claimant's foreman, Robert McAllister, testified that claimant told him he was having back problems but he never told him that they were work related. Glenn Wells, the personnel director, first stated that during a meeting on June 5, 1980, claimant specifically told him that his back problems were not work related. When asked whether he was ever told by claimant that the injury was work related, Wells answered: "It was some time after that, because the man was on lay-off status." When pressed to give an exact date he came up with June 6, 1980. On November 30, 1982, Wells was recalled to testify in an apparent attempt to retract his earlier testimony but this only resulted in more confusion. The referee made the following finding concerning Wells' testimony:

> Glen R. Wells, the defendant's Director of Personnel, testified on August 30, 1982 and November 30, 1982. Although his testimony is somewhat ambiguous Your Referee is convinced and accordingly, finds that he had no notice or knowledge that the claimant had sustained a work related injury in May, 1980.

Clearly, this indicates that the referee did not find credible Wells' statement that he knew claimant's injury was work related on June 6, 1980. Consequently, there is no need to remand for further findings as to whether notice was given to the employer on that date.

Moreover, we do not need to remand to determine whether claimant first discovered that his injury was work related some time *after* June 6, 1980 because

claimant now argues, relying exclusively on Wells' discredited testimony, that on June 6, 1980, he knew the nature of his injury and he notified the employer that his back condition was caused by the May 24, 1980 incident. Since claimant admits that he knew the cause of his injury by June 6, 1980, we need not go further than that.

The referee specifically found that the employer had no notice of the injury within 120 days of its occurrence. Assuming that claimant did not, in fact, realize that the injury was work related until June 6, 1980, we still do not need to remand because there is no evidence in the record that notice was given within 120 days from June 6, 1980. The claimant who bears the burden of proof on the notice issue, *Tady v. Workmen's Compensation Appeal Board*, 86 Pa. Commonwealth Ct. 582, 485 A.2d 897 (1985), is not even alleging that notice was given within that 120 days.[1] His only argument is that notice was given on June 6, 1980, and as we have already noted the only testimony supporting this allegation was not credited by the referee.

Based on the foregoing, I would affirm the Board's decision denying benefits.

---

[1] The claim petition was filed on July 29, 1981.