**Eugene DOWNEY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ZINC CORPORATION OF AMERICA and St. Joe Resources), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 1995.
Decided Aug. 4, 1995.
Publication Ordered Nov. 15, 1995.

---

Samuel S. Blaufeld, for petitioner.

James M. Poerio, for respondent, Zinc Corporation of America.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

NEWMAN, Judge.

Eugene Downey (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) that affirmed the decision of a referee denying him specific loss benefits under Section 306(c)(8) of The Pennsylvania Workers' Compensation Act (Act).[1] We affirm.

Claimant began working for St. Joe Resources (St. Joe) on May 8, 1950. On September 17, 1987, Zinc Corporation of America (Zinc Corporation) purchased St. Joe's assets, and the operations previously conducted by St. Joe in Monaca, Pennsylvania, continued under the ownership of Zinc Corporation. Claimant continued to work in the same facility and performed the same type of work following the transfer of ownership.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(8).

During the course of his employment, Claimant was exposed to the loud and constant noise of machinery.

On January 28, 1988, Claimant filed a claim petition against St. Joe that alleged that commencing January 4, 1988, he suffered a hearing loss in both ears caused by prolonged exposure to noise at work.[2] St. Joe filed an answer, denying the material allegations of Claimant's petition. On June 15, 1989, Claimant filed a petition to join Zinc Corporation. The referee dismissed this petition as untimely.

The referee held hearings, after which she rendered a decision. The referee concluded that although Claimant met his burden of proving a hearing loss in both ears for all practical intents and purposes, he did not sustain his burden of proving that the injury occurred in the course of this employment with St. Joe. Specifically, the referee indicated that there was no evidence to establish that Claimant lost his hearing prior to September 17, 1987 (when he stopped working for St. Joe), and credited medical evidence established that post-September 17, 1987 occupational noise exposure contributed to Claimant's loss. Last, the referee concluded that noise-induced hearing loss is an occupational disease governed by Section 108(n) of the Act, 77 P.S. § 27.1(n). Applying the last injurious exposure rule, the referee held that Zinc Corporation, not the named defendant, was the responsible employer.

Claimant appealed to the Board.[3] While the appeal was pending, Claimant filed another claim petition on March 19, 1990. Claimant alleged that as a result of his employment with Zinc Corporation, he had lost his hearing in both ears as of January 4, 1988. Zinc Corporation filed an answer, denying the material allegations of the petition and further alleging that Claimant failed to provide it with timely statutory notice of his injury. Zinc Corporation also asserted that Claimant's petition was premature because of the pending appeal. As such, the second referee postponed the proceedings relating to the second claim petition until resolution of the first.[4]

After the first claim petition was finally resolved, the referee held hearings at which both parties presented evidence. The referee found, upon consideration of this evidence, that Claimant did not give proper notice of his injury to Zinc Corporation. The referee also concluded that the principle of res judicata precluded any finding that Claimant's hearing loss was the result of his employment with St. Joe, since the first referee had resolved that issue in the prior action. Last, the referee concluded that Claimant did not meet his burden of proving that he lost his hearing for all practical intents and purposes while employed by Zinc Corporation. Accordingly, the referee denied Claimant's petition and dismissed both St. Joe and Zinc Corporation from the action.

Claimant appealed to the Board, and the Board affirmed. This appeal followed.

On appeal to this court,[5] the following issues are presented: (1) whether substantial evidence exists in the record to support the referee's finding that Claimant did not give Zinc Corporation timely notice of his work-related hearing loss pursuant to Section 311 of the Act, 77 P.S. § 631; (2) wheth-

---

2. Claimant subsequently amended his petition to allege that the date of his injury was September 16, 1987, the last day that he worked for St. Joe.

3. This appeal was ultimately dismissed on stipulation of the parties that Claimant's hearing loss fell within Section 306(c)(8) of the Act, not Section 108(n).

4. In August, 1991, Zinc Corporation filed a motion to dismiss Claimant's petition on the basis that timely notice had not been provided. The referee denied the motion.

During the same time, Zinc Corporation also filed a petition to join St. Joe. St. Joe argued that the petition was barred by res judicata.

5. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan), 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), aff'd, 531 Pa. 287, 612 A.2d 434 (1992). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Wells–Moore v. Workmen's Compensation Appeal Board (McNeil Consumer Products Co.), 144 Pa.Commonwealth Ct. 382, 601 A.2d 879 (1992).

er the referee erred in concluding that Claimant failed to meet his burden of proving that he lost his hearing for all practical intents and purposes; and (3) whether the referee erred in concluding that Claimant failed to meet his burden of proving that he sustained a compensable hearing loss during the course of his employment with Zinc Corporation.[6]

As a preliminary matter, we note that Section 311 of the Act provides, in relevant part, as follows:

> Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe ... shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

77 P.S. § 631.

Section 311 also sets forth the following discovery rule:

> However, *in cases of injury resulting from* ionizing radiation or *any other cause in which the nature of the injury or its relationship to the employment is not known to the employe,* the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

*Id.* (emphasis added).

■ With respect to hearing loss cases, this court has held, mirroring the language of the statute, that the notice period is triggered on the date a claimant knows, or should know, that his hearing loss is severe enough to be compensable and that the loss is work-related. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal*

Board *(Peterson),* 164 Pa.Commonwealth Ct. 32, 641 A.2d 1277 (1994), *petition for allowance of appeal denied,* 540 Pa. 625, 657 A.2d 495 (1995); *Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney),* 157 Pa.Commonwealth Ct. 76, 629 A.2d 184 (1993), *petition for allowance of appeal dismissed,* 539 Pa. 321, 652 A.2d 796 (1994); *Sun Oil Co. v. Workmen's Compensation Appeal Board (Davis, III),* 144 Pa.Commonwealth Ct. 51, 600 A.2d 684 (1991). This court has also held that the claimant bears the burden of proving that notice was given. *Pennsylvania Mines Corp./Greenwich Collieries v. Workmen's Compensation Appeal Board (Mitchell),* 166 Pa.Commonwealth Ct. 58, 646 A.2d 28 (1994). Whether a claimant has complied with the notice requirement is a question of fact to be determined by the referee. *Leber v. Workmen's Compensation Appeal Board (Yellow Freight System),* 156 Pa.Commonwealth Ct. 491, 628 A.2d 481 (1993).

In the present appeal, Claimant asserts that because Zinc Corporation had actual knowledge of his work-related injury, he was not required to provide it with notice pursuant to Section 311.[7] Relying on *Blass v. Workmen's Compensation Appeal Board (Beltrami Enterprises, Inc.),* 77 Pa.Commonwealth Ct. 337, 465 A.2d 1094 (1983), Claimant specifically maintains that the notice that he provided to St. Joe constituted notice to Zinc Corporation. We disagree.

The claimant in *Blass* worked as a miner, first for Shenandoah Mining Company and then for Beltrami Enterprises, after Beltrami purchased the Shenandoah operation. Following the transfer in ownership, the claimant continued to perform substantially the same duties. The claimant later filed a claim petition against Beltrami. At a pre-hearing conference, it was determined that Shenandoah was the liable employer, and the cap-

**6.** Employer also raises the issue of whether the referee erroneously applied the doctrine of res judicata. However, because Employer failed to include this issue in its petition for review, the issue is waived. Pa.R.A.P. 1513(a). *Chene v. Workmen's Compensation Appeal Board (Giant Eagle, Inc.),* 159 Pa.Commonwealth Ct. 229, 632 A.2d 1058 (1993), *petition for allowance of appeal denied,* 539 Pa. 639, 650 A.2d 53 (1994).

**7.** *See City of Philadelphia v. Workmen's Compensation Appeal Board (Wills),* 152 Pa.Commonwealth Ct. 198, 618 A.2d 1162 (1992), *petition for allowance of appeal denied,* 536 Pa. 635, 637 A.2d 295 (1993) (the notice requirement is met when the employer has actual knowledge of a compensable injury).

tion on the petition was amended to name Shenandoah as the defendant. After hearings, the referee found that although the claimant was totally disabled, he was not entitled to benefits because he failed to give notice to Shenandoah or its carrier within 120 days from the date of the injury as required by Section 311. The Board affirmed.

On appeal to this court, the claimant argued that the notice provided to Beltrami was sufficient. We agreed and reversed, holding that:

> under the unique circumstances of this case such notice was adequate. The procedural notice sections of the Act are designed to make knowledge rather than formal notice the standard. Here, where one corporation directly succeeded another in the operation of the mine, employed the Claimant in exactly the same capacity as the predecessor company, and used the same insurance carrier as the predecessor to compensate workers who succumb to occupational disease, timely notice given to the successor corporation necessarily alerts the carrier for the predecessor company and we will impute timely knowledge of the injury to the predecessor company and its carrier.

*Id.* at 339–40, 465 A.2d at 1095–96 (emphasis added; citations omitted).

 In the instant case, the referee found that Claimant's petition in the prior action was filed in January 1988 and identified the employer as "St. Joe Resources Co." with an address of "7733 Forsythe Blvd., Clayton, MO 63105." The petition also indicated that St. Joe was self-insured. The referee further noted that the assignment of petition to workers' compensation referee was addressed to "St. Joe Resources Co., 7733 Forsythe Blvd., Clayton, MO 63105" and "Self-insured, c/o 300 Frankford Road, Monaca, PA 15602."

Contrary to Claimant's assertions, we do not believe that *Blass* is controlling. A review of the cases shows that they are readily distinguishable in several respects. First, unlike the corporations in *Blass,* St. Joe and Zinc Corporation did not share the same insurance carrier. While in existence, St. Joe was a self-insured employer; at the time of Claimant's alleged injury, Zinc Corporation was insured by Cigna.

Second, the referee here found that Zinc Corporation did not know of its possible involvement in Claimant's action against St. Joe until he filed a petition to join Zinc Corporation as an additional defendant in June 1989. Our review of the record reveals that the testimony of Samuel C. Mullin, Zinc Corporation's industrial relations director,[8] clearly supports such a finding.

Specifically, Mr. Mullin testified that as the corporation's industrial relations director, his responsibilities included the administration and supervision of the workers' compensation program. Mullin's Deposition, August 7, 1991, at 4. He indicated that following the sale of St. Joe to Zinc Corporation, he continued to receive workers' compensation notices addressed to St. Joe at its former Monaca location. *Id.* at 7–8. However, he did not recall seeing Claimant's petition against St. Joe, nor did he recall seeing the assignment of that petition. *Id.* at 12. In addition, Mr. Mullin had no duty to act upon documents addressed to St. Joe.[9] *Id.* at 12–13.

Most important, Mr. Mullin testified that before Zinc Corporation received Claimant's joinder petition in June of 1989, he did not know that Claimant was pursuing a workers' compensation claim, *id.* at 14; he did not know the nature of Claimant's alleged injury, *id.* at 14–15; he did not know the alleged date of Claimant's injury, *id.* at 15–16; and he did not inform any carrier for Zinc Corporation about a potential claim, *id.* at 16. Furthermore, Claimant cannot point to any evidence of record that Zinc Corporation was

---

8. Mr. Mullin held the same position with St. Joe.

9. *See Auto Service Councils of Pennsylvania v. Workmen's Compensation Appeal Board (Compton),* 139 Pa.Commonwealth Ct. 466, 590 A.2d 1355 (1991) (for notice of a work-related injury to be sufficient under Section 311, it must be given to one whose position justifies the inference that the employer delegated to him, as its representative, the authority to receive a report or notice of such injury).

aware of his claim prior to his petition to join it as an additional defendant.

For these reasons, we must reject Claimant's argument that Zinc Corporation had actual knowledge of his claim against St. Joe. In addition, we must conclude that the notice actually provided to Zinc Corporation was not timely under Section 311 of the Act. The referee found, and the parties do not dispute, that Claimant did not know that his hearing loss was compensable until he was so advised by his doctor on January 4, 1988. Zinc Corporation, however, did not become aware of Claimant's pending claim until he filed a petition seeking to join it as an additional defendant in June of 1989. Because Claimant's notice to Zinc Corporation in June 1989 was not given within 120 days of January 4, 1988, we must agree with the referee that Claimant's notice to Zinc Corporation was not timely.

Accordingly, we affirm the Board's order.[10]

### ORDER

AND NOW, August 4, 1995, we affirm the order of the Workmen's Compensation Appeal Board, dated August 30, 1994.

---

**10.** The law is clear that notice is a prerequisite to compensation. *Pennsylvania Mines Corp.* Therefore, given our disposition of the notice issue, we need not address Claimant's remaining issues.